**Robert G. BOLTON, Plaintiff,**

v.

**FAIR BLUFF MOTORS, INC. and Ford Motor Company, Defendants.**

**No. AC/1027.**

United States District Court
E. D. South Carolina,
Columbia Division.

March 29, 1963.

Theodore W. Law, III, Law, Kirkland & Aaron, Columbia, S. C., for plaintiff.

John L. Nettles, Yarborough & Nettles, Florence, S. C., for defendant, Fair Bluff Motors, Inc.

WYCHE, District Judge (sitting by designation).

The above case is before me upon the motion of the defendant Fair Bluff Motors, Inc. "For an Order dismissing the plaintiff's action as to this defendant pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the grounds as follows: (1) That the Court lacks jurisdiction over this defendant; (2) That the service of process is insufficient or process is insufficient; in that this defendant is a corporation organized and existing under the laws of the State of North Carolina with its principal place of business located in Fair Bluff, Columbus County, State of North Carolina; this defendant is not doing business within the State of South Carolina so as to make it amenable to service of process in the State of South Carolina or this Court; that it has not consented to be served within the State of South Carolina and has not appointed or authorized any person, firm or corporation as its agent to accept service of process and has no person, firm or corporation upon whom service can be made within the State of South Carolina, including the Secretary of State of South Carolina; that the transaction out of which the present action arose occurred entirely within the State of North Carolina and no part thereof occurred in the State of South Carolina or arose out of this defendant's activities within the State of South Carolina; that the attempted service of this defendant by service by a U. S. Marshal on Decem-

ber 17, 1962, of the copy of the Summons and Complaint on the Honorable O. Frank Thornton, Secretary of State for the State of South Carolina, as statutory agent for this defendant is null and void and of no avail and the service of a copy of the Summons and Complaint on this defendant by certified mail, return receipt required, on December 13, 1962, is null and void and not sufficient to confer jurisdiction of this Court over this defendant and on such other and further grounds as to the Court seems just and proper in the premises."

Affidavits of the Secretary and General Manager of defendant Fair Bluff Motors, Inc. and the car salesman of the defendant Fair Bluff Motors, Inc. who handled the transaction involved in this controversy, are attached to the motion to dismiss by the defendant Fair Bluff Motors, Inc.

The affidavit of the Secretary and General Manager of the defendant Fair Bluff Motors, Inc. states that the defendant Fair Bluff Motors, Inc. is a corporation organized under the laws of the State of North Carolina, with its principal place of business in Fair Bluff, Columbus County, North Carolina; that he is familiar with the corporate business operations of Fair Bluff Motors, Inc. and in particular with the transaction between Robert G. Bolton and Fair Bluff Motors on or about August 25, 1962; that Fair Bluff Motors, Inc. does not transact any corporate business in the State of South Carolina; that none of its salesmen are authorized to engage in corporate business in the State of South Carolina; that it owns no property in the State of South Carolina; that it has no officers, agents, servants or employees authorized to transact corporate business in the State of South Carolina, and does not maintain any agent, officer or other person in the State of South Carolina upon whom service of process can be made; that attempted service of the summons and complaint was made by mail in that on the 13th day of December, 1962, Fair Bluff Motors, Inc. received a copy of the summons and complaint by certified mail, return receipt requested; that the transaction out of which the alleged cause of action arises took place entirely within the State of North Carolina.

The affidavit of the car salesman for Fair Bluff Motors, Inc. who handled the transaction here involved, states that he is employed by Fair Bluff Motors, Inc. as a car salesman; that on or about August 25, 1962, he handled the sale of the Ford automobile involved in this controversy to Robert G. Bolton; that the entire transaction took place in the State of North Carolina.

The plaintiff in his unverified complaint alleges "That the Defendant, Fair Bluff Motors, Inc., is a corporation, organized and doing business under and by virtue of the statute laws of the State of North Carolina and is engaged in business within the Eastern District of South Carolina;  *  *  *."

The defendant Ford Motor Company has filed its answer and alleges: "That the Ford Motor Company is a corporation created under the laws of the State of Delaware. It does not maintain any sales office, parts depot or other business location in South Carolina. Cars manufactured by it are sold in South Carolina by dealers, who buy from Ford Motor Company at one of its assembly plants located outside of South Carolina. On information and belief, that Fair Bluff Motors, Inc. is a corporation created under the laws of North Carolina with its principal place of business at Fair Bluff, North Carolina. It does not have information sufficient to plead to the allegation that Fair Bluff Motors, Inc. is engaged in business in South Carolina."

The defendant Fair Bluff Motors, Inc. propounded certain Interrogatories to the plaintiff, Number 9 being as follows: "Upon what facts does the plaintiff contend that this defendant Fair Bluff Motors, Inc. is 'engaged in business within the Eastern District of South Carolina'?" Plaintiff's answer to Interrogatory Number 9 is as follows: "The bill of sale states that the car was delivered to me in South Carolina and it was so delivered

to me at Route 4, Nichols, South Carolina."

The foregoing facts constitute the record before me and in my opinion are not sufficient to establish that the defendant Fair Bluff Motors, Inc. was "doing business" in the State of South Carolina so as to make it amenable to service of process in the State of South Carolina or this Court. For this reason the motion to dismiss plaintiff's action as to the defendant Fair Bluff Motors, Inc. must be granted, and

It is so ordered.