**William T. CLAWSON, Jr., Plaintiff,**

v.

**Claude B. GARLAND and Carl A. Frye, partners, d/b/a Garland Crane Company, and Spano Crane Sales & Service Corporation, Defendants.**

Civ. A. No. AC–1216.

United States District Court
E. D. South Carolina,
Columbia Division.

May 3, 1965.

Edgar L. Morris, Columbia, S. C., for plaintiff.

H. Simmons Tate, Jr., Boyd, Bruton, Knowlton & Tate, Columbia, S. C., for defendants.

SIMONS, District Judge.

The complaint herein sets forth two causes of action arising out of the sale of an allegedly defective crane by the defendants to plaintiff, a resident of South Carolina. Jurisdiction is based upon diversity of citizenship. From the record it appears that the named individual defendants, doing business as a partnership, are residents of California, and that the corporate defendant is a California corporation.

Service of the summons and complaint was made upon defendant foreign corporation by serving the Secretary of State of South Carolina, under the provisions of Section 10–424 [1] of the 1962

1. 10–424. "Service on foreign corporations generally.—If the suit be against a foreign corporation other than a foreign insurance company the summons and any other legal paper may be served by delivering a copy to any officer, agent or employee of the corporation found at the place within this State designated by the stipulation or declaration filed by the corporation pursuant to § 12–721. But if such foreign corporation transacts business in this State without complying with that section such service may be made by leaving a copy of the paper with a fee of one dollar in the hands of the Secretary of State or in his office, and such service shall be deemed sufficient service and shall have like force and effect in all respects as service upon citizens of this State found within its limits if notice of such service and a copy of the paper served are forthwith sent by registered mail by the plaintiff to the defendant foreign corporation and the defendant's return receipt and the plaintiff's affidavit of compliance therewith are filed in the

South Carolina Code of Laws. Service was attempted to be made upon the individual defendants doing business as a partnership by forwarding copy of summons and complaint by registered mail to the defendant Carl A. Frye at Long Beach, California, pursuant to Section 10–463 of 1962 South Carolina Code of Laws,[2] and Rules 4[e] and 17[b], Federal Rules of Civil Procedure.

Defendants appeared specially, pursuant to Rule 12[b], Federal Rules of Civil Procedure, to move to dismiss the complaint upon grounds that this court had not acquired proper jurisdiction of the defendants, inasmuch as corporate defendant was not engaged in doing business in South Carolina; and that process had not been validly served upon any of the individual defendants or their agents.

The matter was heard on March 2nd, 1965, at which time counsel for plaintiff and defendants made oral arguments, and submitted affidavits to the court, setting forth the factual situation.

In his complaint, plaintiff alleges that he was induced by misrepresentation of defendants to purchase a defective Garland Crane; that said crane would not function as represented by defendants resulting in his loss of money, business and customers.

It is established that subject crane was ordered by mail from defendant Spano Crane Sales & Service Corporation in California; and was sold and delivered to plaintiff in South Carolina on or about March 14, 1963. The order was initiated by plaintiff without any inducement by defendant corporation, although there is some evidence that defendant

partnership, Garland Crane Company, did conduct a demonstration of a Garland Crane in Columbia, S. C., during the year 1961.[3] There is also evidence that defendant partnership Garland Crane Company received an order for one Garland Crane from a South Carolina customer during the year 1961, and shipped the crane from California to South Carolina.[4] Plaintiff offered no further evidence of any advertising, solicitation, sales, or other activity by defendants, at any time within the State of South Carolina, by either defendant partnership or defendant corporation.

Based upon the pleadings, affidavits, and record before me I find that defendants Claude B. Garland and Carl A. Frye are citizens and residents of California, doing business as Garland Crane Company, a partnership. Neither the partnership nor any of its partners have an office, place of business, or property in South Carolina; nor does it or they maintain any agent in South Carolina. I further find that defendant Spano Crane Sales & Service Corporation is a corporation organized and existing under the laws of California; that it has no office or place of business in South Carolina, nor does it maintain any agent therein; neither is it domesticated under the laws of South Carolina.[5]

Plaintiff's attempt to acquire jurisdiction over defendant partnership by sending a copy of the summons and complaint by registered mail to one of the partners is clearly contrary to the general rule that personal service of a nonresident outside state boundaries is ineffective. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 [1878]. Section 10–463 of

cause and submitted to the court from which such process or other paper issued."

2. 10–463. "Service by mail.—Service by mail may be made where there is a regular communication by mail."

3. See affidavits of Joseph L. Graham, Jr., and Robert Phillips, Jr., filed March 2, 1965.

4. See affidavit of Ray Dutrow, filed March 2, 1965.

5. See affidavit of Carl A. Frye, filed October 17, 1963, in support of motion to dismiss.

the South Carolina Code, supra, which provides generally for service by mail, is made inapplicable to service of a summons, or other process to acquire jurisdiction by Section 10–473 [6] of the South Carolina Code. Rule 4[e] and 17[b] of the Federal Rules of Civil Procedure do not in themselves provide a method of service of process, in the absence of a statute or rule of court authorizing such service. Plaintiff failed to cite any authority authorizing such service against persons outside the State of South Carolina, but he alleged that the partnership and the corporation were essentially composed of the same persons, and were actually one and the same, and that service upon one would be service upon the other. However, it is elementary that a partnership and a corporation are different legal entities, and the law requires different modes of service of process to acquire jurisdiction over a corporate entity and over individuals doing business as a partnership.

I therefore conclude that plaintiff has failed to effect valid legal service on the defendant partnership. Consequently, this court is without jurisdiction of defendants Claude B. Garland and Carl A. Frye, partners, d/b/a Garland Crane Company.

Section 10–424 of South Carolina Code, supra, provides that service of process upon a foreign corporation, which is not domesticated but which "transacts business" within this state, may be made by serving a copy of the summons and complaint on the Secretary of State of South Carolina. Plaintiff has attempted to effect service on defendant corporation herein pursuant to this statute. The next question before the court is whether defendant corporation has transacted business in the state to the extent that plaintiff is entitled to effect substituted service in the manner specified in this section of the Code. I find that it has not.

In the leading case of International Shoe Co. v. State of Washington, 326 U. S. 310, 66 S.Ct. 154, 90 L.Ed. 95 [1945], the Supreme Court considered extent to which a foreign corporation must be doing business, or have contacts, in a state for substituted service to meet constitutional due process requirements. Speaking through Mr. Chief Justice Stone, the Court pointed out that where corporate activity has not been continuous and systematic, due process only requires that a defendant have minimum contacts with a state so that "the maintenance of a suit does not offend 'traditional notions of fair play and substantial justice' ". In discussing what constitutes the necessary minimum contacts, the Court, at 326 U.S. 319, 66 S.Ct. 154, 159 said:

"It is evident that the criteria by which we mark the boundary line between those activities which justify the subjection of a corporation to suit, and those which do not, cannot be simply mechanical or quantitative. The test is not merely, as has sometimes been suggested, whether the activity, which the corporation has seen fit to procure through its agents in another state, is a little more or a little less. * * * Whether due process is satisfied must depend rather upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure. That clause does not contemplate that a state may make binding a judgment *in personam* against an individual or corporate defendant with which the state has no contacts, ties, or relations."

---

6. 10–473. "Article not applicable to service of summons, etc.—The provisions of this article, other than those of §§ 10–471 and 10–472, shall not apply to the service of a summons or other process or of any paper to bring a party into contempt."

In Shealy v. Challenger Manufacturing Company, Inc., 304 F.2d 102 [1962], our Fourth Circuit Court of Appeals considered the South Carolina substituted process statute [§ 10–424, supra], and what constitutes "minimum contacts", as enunciated in International Shoe, supra, in the light of the more recent decisions of the South Carolina Supreme Court, by whose interpretation of the South Carolina statutes we are bound here. Arrowsmith v. United Press International, 320 F.2d 219 [2nd Cir. 1963]. In Shealy a Tennessee corporation shipped its products in quantity to wholesaler or dealer for resale in South Carolina, but had no place of business and made no continuous solicitation of sales within the state. Most of the orders were received in Tennessee by mail or telephone from South Carolina customers. Some of the deliveries were made in trucks owned and operated by defendant. In affirming the district court's determination that defendant had established "minimum contacts" with the state, in order to permit the courts to acquire jurisdiction pursuant to the provision of the South Carolina substituted service statute, the court said at pages 103–104 of 304 F.2d:

"There is no substantial constitutional question. The defendant's regular and frequent operation of its trucks in South Carolina for the purpose of effecting there local deliveries of its products to its customers clearly provided those 'minimum contacts' without which the 'due process' clause of the Fourteenth Amendment would prevent state exercise of jurisdiction over a foreign corporation. The cause of action arose out of the use in South Carolina of one of the defendant's stairways. It had been purchased in South Carolina from one to whom the defendant had sold and delivered it for resale in that state. The plaintiff lives in South Carolina. Resident there are the witnesses which he must offer to prove the nature and extent of his injury, the source of the stairway, the circumstances of the accident and the defect to which he claims it was attributable. Surely, it will be no more unfair to this defendant to require it to defend this action in South Carolina than it would be to the plaintiff to require him to prosecute the action in Tennessee, the defendant's home.

"Since the record discloses that the defendant *had substantial contacts* with the state of the forum, the cause of action arose there and maintenance of the action there 'does not offend traditional notions of fair play and substantial justice,' the defendant's 'due process' contention is foreclosed by the Supreme Court's decision in International Shoe. * * *

"If the defendant, like the maker of the better mousetrap, is fortunate enough to get the business without active solicitation, it does not gain immunity from an exercise of jurisdiction by those states in which it engages in substantial activity of a different sort. A foreign corporation, busily present in a state effecting direct deliveries of its wares to its customers, cannot escape the jurisdiction of the state upon the ground its orders were unsolicited. A seller's distribution of his wares may be a substantial activity whether the precedent contracts were solicited by the buyers or by the seller." [Emphasis added].

In Bolton v. Fair Bluff Motors, Inc., et al., 215 F.Supp. 619 [E.D.S.C.1963], plaintiff, a South Carolina resident, attempted substituted service upon a North Carolina corporation on grounds that the corporation had delivered an automobile to plaintiff in South Carolina, and was therefore doing business within the state. The record disclosed no further contacts with the state of South Caro-

lina by the corporation. The court dismissed plaintiff's complaint on ground that the facts did not establish that the defendant was "doing business" in the State of South Carolina, so as to make it subject to substituted service under South Carolina law. See also Springs Cotton Mills v. Machinecraft, Inc., 156 F.Supp. 372 [W.D.S.C.1957].

■ It is evident from the foregoing that a foreign corporation must have minimum, substantial business contacts within a state in order to be subjected to substituted service of process. As stated in International Shoe, supra, 326 U.S. at 317, 66 S.Ct. at 159:

> "[I]t has been generally recognized that the casual presence of the corporate agent or even his conduct of single or isolated items of activities in a state in the corporation's behalf are not enough to subject it to suit on causes of action unconnected with the activities there. St. Clair v. Cox, supra, 106 U.S. 359, 360, 1 S.Ct. 354, 359, 27 L.Ed. 222; Old Wayne Life Assn. v. McDonough, 204 U.S. 8, 21, 27 S.Ct. 236, 240, 51 L.Ed. 345; Frene v. Louisville Cement Co., supra, 77 U.S.App.D.C. 133, 134 F.2d 515, 146 A.L.R. 926, and cases cited. To require the corporation in such circumstances to defend the suit away from its home or other jurisdiction where it carries on more substantial activities has been thought to lay too great and unreasonable a burden on the corporation to comport with due process."

■ At most the record before me shows merely an isolated solicitation, a demonstration, and a sale of a crane in South Carolina in 1961, by the individual defendants doing business as a partnership. However, there is no showing that defendant corporation ever engaged in business in this state in any regular, substantial, or systematic way, other than the one sale of the crane, giving rise to this cause of action, which was made under the circumstances herein set forth, and only consisted of one isolated transaction.

I find as a matter of fact and law that plaintiff here has failed to show the necessary minimum, substantial business contacts by defendant corporation in order to subject it to substituted service under Title 10, Section 424 of the South Carolina Code of Laws [1962]. From the evidence presented to the court, it is apparent that defendant corporation received an unsolicitated order in California from plaintiff for a Garland Crane; that defendant shipped the crane to plaintiff in South Carolina, and that upon payment of the purchase price the documents of title were released to plaintiff. This is the only instance plaintiff has shown of business activity carried on in South Carolina by defendant corporation.

■ The burden is on plaintiff to establish facts vesting the court with jurisdiction, especially when the court's jurisdiction is challenged.[7]

I must, therefore, conclude that this one isolated transaction does not meet the minimum ties and contacts requirement enunciated in International Shoe, supra, and in Shealy v. Challenger Manufacturing Co., Inc., supra, and the South Carolina Supreme Court cases discussed therein; and that substituted service on the Secretary of State of South Carolina is insufficient to give this court jurisdiction of defendant Spano Crane Sales & Service Corporation.[8]

7. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L. Ed. 1135; Industrial Electronics Corp. v. Cline, 330 F.2d 480, 482 [3rd Cir. 1964].

8. See the following recent South Carolina Supreme Court cases dealing with this subject of service upon foreign corporations: Lawson v. Jeter, 243 S.C. 103, 132 S.E.2d 276 [1963]; Bargesser v. Coleman Co., 230 S.C. 562, 96 S.E. 2d 825 [1957].

It is, therefore, ordered that defendants' motion to dismiss plaintiff's complaint be and the same hereby is granted. Judgment shall be entered in accordance herewith.