**Melvin Allen BURRIS, Appellant,**

v.

**STATE DEPARTMENT OF PUBLIC WELFARE OF SOUTH CAROLINA,** **Appellee.**

**No. 73–1753.**

United States Court of Appeals, Fourth Circuit.

Submitted Dec. 4, 1973.

Decided Feb. 8, 1974.

---

John B. Culbertson and John B. Duggan, Greenville, S. C., for appellant.

Daniel R. McLeod, Atty. Gen. and John B. Grimball, Asst. Atty. Gen., for appellee.

Before HAYNSWORTH, Chief Judge, WINTER, Circuit Judge, and TURK,* District Judge.

PER CURIAM:

In an amended complaint filed in the District Court plaintiff alleged that he was denied due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution in that the defendant, State Department of Public Welfare of South Carolina, did not afford him an adequate hearing before denying his application for Aid to the Totally and Permanently Disabled. The District Court Judge granted the defendant's motion to dismiss the complaint on the ground that the court did not have jurisdiction because the complaint failed to state a substantial federal question or the requisite jurisdictional amount.

Although plaintiff's complaint did not allege a violation of his constitutional rights under Title 42 U.S.C. § 1983 with jurisdiction pursuant to Title 28 U.S.C. § 1343(3), the expansive protection provided by these statutes would have encompassed his allegations and entitled him to consideration by the court of the merits of his complaint regardless of jurisdictional amount. Of course an action brought pursuant to 42 U.S.C. § 1983 must seek relief from a "person" which would apparently not include the named defendant, State Department of Public Welfare of South Carolina. See City of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). See also Moor v. County of Alameda, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973).

Without expressing or implying any opinion whatsoever as to the merits of plaintiff's complaint, the court is of the opinion that the District Court Judge should have apprised plaintiff's counsel of the availability of 42 U.S.C. § 1983 and 28 U.S.C. § 1343, and assuming that the complaint is amended to come within these statutes, the District Court should accept jurisdiction and consider the merits of the case. Accordingly, the order dismissing plaintiff's complaint is vacated, and this case is remanded to the District Court for further proceedings consistent with this opinion.

Vacated and remanded.

* Sitting by designation.