803 F.2d 713
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Edward Carl Brown, Appellant
v.
John Newhart, Sheriff, Chesapeake City Jail, Appellee.
 No. 85-6688.
 United States Court of Appeals, Fourth Circuit.
 Argued July 15, 1986.
Decided Oct. 14, 1986.
 
 Wilkinson, Circuit Judge, dissenting.
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., District Judge. (CA 84-688-N).
 William H. Shewmake (Willcox & Savage, P.C. on brief) for Appellant; Francis Paul Hajek (Seawell, Dalton, Hughes and Timms; Robert F. Haley, II, Deputy Commonwealth Attorney on brief) for Appellee.
 Before MURNAGHAN and WILKINSON, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellant Edward Carl Brown ("Brown") was a prisoner in the Chesapeake, Virginia jail, jailed for bad check charges. On August 8, 1984, he filed a prisoner's complaint under 42 U.S.C. Sec. 1983 in the District Court for the Eastern District of Virginia (Norfolk division) suing "John Newhart, Sheriff/Chesapeake City Jail." Brown claimed that between July 1983 and January 1984 he had been denied medications prescribed by the Chesapeake Mental Health Clinic, was denied water for drinking, toilet and personal hygiene "for days at a time", was held against his will after being granted a personal recognizance by Judge Hooper and was "held in isolation for a period of time (about 4 months) with absolutely no clothing or bedding."
 
 
 2
 Brown's pro se action was filed, on receipt of the filing fee, on November 1, 1984 and the defendant was ordered to answer the complaint within 23 days. The plaintiff was informed by the court that if he did not submit affidavits the court would decide the case on papers already submitted and might possibly enter summary judgment against him. The defendant filed a motion for summary judgment on January 3, 1985. Defendant submitted an affidavit, sworn to by David C. Newby, a deputy sheriff for Chesapeake, which stated the following:
 
 
 3
 (1) Brown had indicated at his medical examination when entering jail that he had been receiving Loxitaine while in a psychiatric hospital in Philadelphia;
 
 
 4
 (2) "There was no record or complaint made by plaintiff that he was to receive medications prescribed by Chesapeake Mental Health Clinic. The Clinic advised the Chesapeake Sheriff's Office that plaintiff had been seen eight (8) months ago but would not give any information relating to whether or not plaintiff was prescribed any medications;"
 
 
 5
 (3) Plaintiff had been disciplined for various acts committed while in jail, including flooding his cell and throwing water on other inmates. As punishment, Brown's water was turned off for up to twenty-four hours, although he was allowed water at least once a day. Water was not, however, turned off for days at a time;
 
 
 6
 (4) Brown was kept in jail, instead of released on bond, because he had also done "bodily injury" to a jail employee and damaged property;
 
 
 7
 (5) Brown was put into an individual cell when he entered the jail and remained there because his "behavior indicated that he may not be able to conduct himself in a manner that was safe for himself and others";
 
 
 8
 (6) While in jail, Brown was charged with other administrative violations, including setting fires, possessing a weapon, destruction of state property, flooding his cell, throwing urine and feces on deputies, and tearing his clothes. For the last offense, plaintiff's jumpsuit was taken away for three days, although he received a blanket for sleeping;
 
 
 9
 (7) Brown was given 15 days in isolation for setting a fire on December 6, 1983.
 
 
 10
 After receiving this affidavit, the court invited Brown to file additional affidavits to respond to defendant's summary judgment motion. In response, Brown sent a letter dated March 20, 1985 to the court stating that he could not "at this time offer any proof or witnesses against the defendant," because he had been in isolation and had no record of the incidents stated in his complaint. Brown also stated "I do not have a lawyer or any legal counsel at this point. Before I continue this case I would like to obtain permission to obtain such."
 
 
 11
 In an order filed April 2, 1985 the district court granted summary judgment for the defendant in all respects but one, since Brown had not submitted opposing evidence to the Newby affidavit. However, because one ground for relief was plaintiff's allegation that the jail authorities had refused to give him medication previously prescribed by the Chesapeake Mental Health Clinic and because Newby had noted in the affidavit that the same clinic had refused to give him any information on Brown's treatment, the court propounded interrogatories to both plaintiff and defendant in an attempt to determine whether Brown had, in fact, been prescribed such medication.
 
 
 12
 Defendant responded to the interrogatories by reporting its conversations with unidentified persons at the clinic who had stated that plaintiff "had been seen and placed on a treatment program at the Clinic," but that "the plaintiff never returned for treatment and medication and his case had been closed by the Clinic." When asked for further information on a subsequent occasion, the Clinic refused to give any additional information.
 
 
 13
 Plaintiff responded to the interrogatories by stating that he had informed the jail authorities at the time he was incarcerated about his need for medication, but that he had no proof he had been prescribed such medication.
 
 
 14
 At this point, the court propounded an additional interrogatory to Brown regarding his visits to the Chesapeake Clinic. Brown responded that his last visit to the Chesapeake Mental Health Clinic was in June of 1983 and that he also "spent about a week in the Philadelphia Psychiatric Center." Brown agreed to grant a release so that information could be obtained from those places. After so doing, the Mental Health Coordinator wrote the judge on August 14, 1985 that it had "no record of Mr. Edward Carl Brown having been a patient at Mental Health, Substance Abuse, or Mental Retardation Services for the City of Chesapeake. In addition to a thorough review of our case records, we also have no record of Mr. Brown's having been admitted to any service of the Chesapeake Mental Health during the past three years."
 
 
 15
 On September 13, 1985, the district court filed an order granting summary judgment for the defendant on Brown's final claim for relief. The court found that there was "evidence that [Brown] did at some point in time make his alleged medical needs known to the proper prison authorities." But the court, relying on the conversations of jail authorities with the clinic found that the jail authorities had reasonably concluded that Brown "was not taking any medications presented by the . . . Clinic at the time of his incarceration." The court also relied on the letter from the clinic to the judge which had stated that there was no record of plaintiff being "serviced in any significant manner during the past three years." Under Estelle v. Gamble, 429 U.S. 97 (1976), the court found Brown had not shown a serious need for medication and intentional neglect of his needs by prison authorities. Brown appeals from the order.
 
 
 16
 In construing prisoners' pro se petitions under Sec. 1983, this court has repeatedly held that "'the district court must examine the pro se complaint to see whether the facts alleged, or the set of facts which the plaintiff might be able to prove, could very well provide a basis for recovery under any of the civil rights acts or heads of jurisdiction in the federal arsenal for redress of constitutional deprivations."' Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), cert. denied, 439 U.S. 970 (1978), quoting Canty v. City of Richmond, 383 F.Supp. 1396 (E.D. Va. 1974), aff'd, 526 F.2d 587 (4th Cir. 1975), cert. denied, 423 U.S. 1062 (1976). It follows, as we held in Gordon v. Leeke, supra, that a district court must not grant summary judgment where a liberal reading of a prisoner's complaint and other evidence might indicate a dispute concerning material facts.
 
 
 17
 Here, although Brown may not be able eventually to shoulder the burden necessary for recovery, we think it was error for the court to grant summary judgment against him.[1] Brown's bizarre and erratic behavior while in jail, in combination with his request for medication, might have alerted jail authorities to the need for medical attention. It is not clear from the record as it presently stands whom Brown informed about his psychiatric treatment and medication. Although evidence was submitted to rebut Brown's alleged treatment at the Chesapeake Mental Health Clinic, no contrary evidence regarding his treatment at the Philadelphia facility was presented. Brown should be given an opportunity for presenting additional evidence on these matters at an evidentiary hearing.
 
 
 18
 As we stated in Gordon v. Leeke, 574 F.2d at 1152, "[i]t may well be that [Brown] has a weak case and little chance of recovery," but the existence here, as in Gordon, of disputed material facts regarding Brown's medical treatment, his statements to prison officials, and his behavior while in jail preclude summary judgment. We therefore reverse the judgment in the case and remand for further proceedings to allow Brown to submit additional evidence in support of his allegations.
 
 
 19
 REVERSED AND REMANDED.
 
 WILKINSON, Circuit Judge, dissenting:
 
 20
 I would affirm the judgment in this case for the reasons stated by the district court.
 
 
 
 [1]
 Additional information possibly in affidavit form may justify a grant of summary judgment against Brown