**Billie Jean C. BARLOW, Plaintiff,**

v.

**ESSELTE PENDAFLEX CORPORATION METO DIVISION, Defendant.**

**No. C–85–1061–WS.**

United States District Court, M.D. North Carolina, Winston–Salem Division.

April 15, 1987.

Billie Jean C. Barlow, Lewisville, N.C., pro se.

Stephen M. Russell, William Kearns Davis, Richard V. Bennett, Winston–Salem, N.C., for defendant.

## MEMORANDUM OPINION

ERWIN, Chief Judge.

This matter is before the court on the defendant's motion to dismiss and for summary judgment pursuant to Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure. The parties have briefed the issues, and argument was heard on February 23, 1987 in Greensboro. At the hearing and in open court, the court dismissed the plaintiff's claims for constructive discharge, wrongful termination, failure to provide equal training and instruction, and disparate treatment because of sex. The court allowed the defendant's motion on these issues pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, in that they were not properly before the court, having never been presented to the Equal Employment Opportunity Commission (EEOC). The court took the defendant's dispositive motions under advisement with regard to the plaintiff's claims for failure to pay a non-discriminatory wage rate (Equal Pay Act Claim) and for failure to promote plaintiff to the position of sales manager (Title VII Claim). The motions are now ready for a ruling.

### Facts

The plaintiff was hired by the Meto Division of Esselte Pendaflex Corporation (Meto) in 1980. Meto sells and services equipment which marks prices on store goods. Hired as a regional service representative, the plaintiff's duties included repairing, servicing, and monitoring the price marking equipment in her region. Plaintiff worked for the defendant without any significant disturbances until March 1984. In March of that year, the position of regional sales manager opened up. Defendant's national service manager, Steven Darrish, recommended Pat Pertuset, a regional service representative, for the job. Mr. Darrish supervised both the plaintiff and Mr. Pertuset, and his affidavit clearly indicates that he recommended Mr. Pertuset over the plaintiff for a variety of factors including superior academic qualifications, higher performance evaluations, and prior sales and supervisory experience. It appears from the record that the plaintiff did not even apply for the job. Mr. Pertuset was awarded the position. Plaintiff contends that she was denied the position because of her sex.

At this time, the plaintiff also felt that her salary wage rate was too low for her employment wage grade. However, the plaintiff represented to the court at the time of the hearing that wages were paid below scale to both men and women.

On September 26, 1984, the plaintiff filed a complaint with the EEOC alleging sexual discrimination in the failure to promote her and in the failure to pay a non-discriminatory wage rate. The EEOC found no reasonable cause and issued the right-to-sue letter on May 30, 1985. This action commenced on September 4, 1985.

### Discussion

The court notes at the outset that this plaintiff is proceeding *pro se*. The court is mindful of the deference given to *pro se* litigants in the resolution of their cases. Despite sometimes inarticulate pleadings, *pro se* plaintiffs' allegations should be given wide latitude in the interpretation of the sufficiency of their pleadings so they may have the opportunity to go forward with their supporting evidence. *See, e.g., Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652, *reh'g de-*

*nied,* 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972). Similarly, this circuit has demonstrated a protective concern for *pro se* litigants. "In the great run of *pro se* cases, the issues are faintly articulated and often only dimly perceived. There is, therefore, a greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done." *Canty v. City of Richmond, Va., Police Dep't,* 383 F.Supp. 1396, 1400 (E.D. Va.1974), *aff'd sub nom., Canty v. Brown,* 526 F.2d 587 (4th Cir.1975), *cert. denied,* 423 U.S. 1062, 96 S.Ct. 802, 46 L.Ed.2d 654 (1976). The court assisted the plaintiff at the hearing of the dispositive motions by asking questions which focused the plaintiff's presentation to the matters at issue. Indeed, when a problem in communication between the court and the plaintiff arose, the court arranged for the plaintiff to meet with counsel to advise the plaintiff on the rules of the court and the nature of the proceedings, so that the hearing could be appropriately concluded.

To sustain a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure, the defendant must demonstrate that there is no genuine issue as to any material fact. *Phoenix Savings and Loan, Inc. v. Aetna Casualty & Surety Co.,* 381 F.2d 245 (4th Cir.1967). This is a strict standard, and any doubts as to the existence of a genuine issue of material fact are to be resolved against the movant. *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this purpose." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). In the civil rights context, the court must make a dual inquiry into disputed factual issues.

In determining whether summary judgment may be granted, the district court must perform a dual inquiry into the *genuineness* and *materiality* of any purported factual issues. Whether an issue is genuine calls for an examination of the entire record then before the court in the form of pleadings, depositions, answers to interrogatories, admissions on file and affidavits, under Rule 56(c) and (e). Though the burden of proof rests initially with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the nonmoving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon the bald assertions of his pleadings. Fed.R.Civ.P. 56(e). Genuineness means that the evidence must create fair doubt; wholly speculative assertions will not suffice. A trial, after all, is not an entitlement. It exists to resolve what reasonable minds would recognize as real factual disputes.

*Ross v. Communications Satellite Corp.,* 759 F.2d 355, 364 (4th Cir.1985) (citations omitted). The court is of the opinion that there are no genuine issues of material fact present in this case.

■ Plaintiff has failed to allege a *prima facie* case. The Fourth Circuit, in interpreting *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), has held that a plaintiff proceeding under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (1981), must allege either direct evidence of discrimination or allege: that she belonged to a minority; that she applied and was qualified for the job for which the employer was seeking applicants; that despite her qualifications, she was rejected; and that after her rejection, the position and application process remained open. *Holmes v. Bevilacqua,* 794 F.2d 142, 146 (4th Cir.1986) (*en banc*). This is, of course, a flexible standard and is to be applied to the individual facts of each case. *See Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

Plaintiff has failed to allege that she applied for the job ultimately awarded to Mr. Pertuset. She has failed to allege that she was rejected for that position. She has failed to allege that the position remained

open after her rejection; however, the record indicates that Mr. Pertuset was promoted soon after he was recommended. There is no genuine issue as to any material fact, in that the plaintiff has failed to allege these prerequisites; and further, in that the record does not support a conclusion that these necessary events occurred. Indeed, the only direct allegation of sexual discrimination, an allegedly sexist remark by an employee of the defendant, occurred in April 1984 after the recommendation of Mr. Pertuset. This is of little probative value to the court, in that it did not involve the individual who recommended Mr. Pertuset and in that it occurred after the recommendation. *See Autry v. North Carolina Dep't of Human Resources*, 641 F.Supp. 1492, 1500 (W.D.N.C.1986). Accordingly, the court can only conclude that there is no genuine issue as to any material fact in this claim.

 Title 29, United States Code, Section 216(b) (Supp.1987), provides a private cause of action for plaintiffs who allege violations of Title 29, United States Code, Section 206 (1978). The court finds that there is no genuine issue of material fact as to plaintiff's claim for relief under these sections. The plaintiff must allege "that an employer pays different wages to employees of opposite sexes" for performing the same job. *Corning Glass Works v. Brennan*, 417 U.S. 188, 195, 94 S.Ct. 2223, 2228, 41 L.Ed.2d 1 (1974). Plaintiff has alleged and argued that the wage rate for *all* employees in her classification were substandard. During her deposition, the following colloquy occurred:

Q How is that sexually discriminatory?

A I think that they were holding the job scales down for the whole group of service people, for the whole group, all of us.

Q All of you including males and females?

A Included males and females, and that's non-sexually.

It is thus apparent that the plaintiff has failed to allege a differing wage rate based upon sex for performance of the same job.

Thus, this cause of action must fail, as there is no genuine issue of any material fact. Similarly, any interpretation of plaintiff's claim as a disparate pay scale based upon workload, seniority, or experience must also fail, as such allegations do not make a claim for a violation of the Equal Pay Act, which prohibits differing wage rates based upon sex. *Berry v. Board of Supervisors of L.S.U.*, 715 F.2d 971 (5th Cir.1983).

Wherefore, based upon the foregoing and in affirmance of the rulings of the court at the hearing of this matter on February 23, 1987 in Greensboro, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the defendant's motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure are GRANTED. A judgment dismissing all the plaintiff's claims with prejudice will be filed contemporaneously herewith.