**ALAMOANA & YU-TONG CO., aka ALAMOANA ROOFING, OFFICE SUPPLIES & FURNITURES, and ALAMOANA MULITAUAOPELE, jointly and severally, Appellants,**

**v.**

**AMERICAN SAMOA GOVERNMENT, Appellee.**

High Court of American Samoa
Appellate Division

AP No. 17-99

May 11, 2000

Before RICHMOND, Associate Justice, TUAOLO, Chief Associate Judge, and TAUANU'U, Temporary Associate Judge.

Counsel: For Appellants, Alamoana S. Mulitauaopele, *Pro Se*
For Appellee, Fiti A. Sunia, Assistant Attorney General

### ORDER DENYING MOTION
### TO STAY JUDGMENT PENDING APPEAL

This appeal is a continuation of the leasehold dispute adjudicated in CA No. 12-99 between Alamoana & Yu-Tong Co. and Alamoana S. Mulitauaopele (collectively "Alamoana") and the American Samoa Government ("ASG"). A brief sketch of the relevant facts and procedural history, more fully articulated in the Trial Division's opinion and order of October 20, 1999, granting summary judgment in ASG's favor against Alamoana, follows.

Alamoana leased from ASG a parcel of land known as Lot 30 in the Senator Daniel K. Inouye Industrial Park in January 1992. The Trial Division found that Alamoana violated the lease agreement by failing to pay rent, improve the property, use the land as specified, and obtain liability insurance. It accordingly granted summary judgment to ASG in its opinion and order of October 20, 1999. This order directed Alamoana to vacate the property and pay ASG $25,794.56 in back rent.

Alamoana's motion for reconsideration or new trial was denied on December 14, 1999. The Trial Division likewise denied his motion for stay of execution of judgment on March 17, 2000. Having exhausted his remedies at the trial court level, Alamoana properly moves for a stay of execution of judgment from the Appellate Division under T.C.R.C.P. 62(d) and A.C.R. 8.

## Analysis

To begin, this case is a paradigmatic example of the rule that "[i]n the great run of *pro* se cases, the issues are faintly articulated and often only dimly perceived." *Dev. Bank of Am. Samoa v. Ilalio*, 5 A.S.R.2d 110, 116 (Trial Div. 1987) (quoting *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978)). We recognize that this places a "greater burden and a correlative greater responsibility" upon us to see that justice is done. *Ilalio*, 5 A.S.R.2d at 116 (quoting *Gordon*, 574 F.2d at 1151 (quoting *Canty v. City of Richmond,* 383 F. Supp. 1396, 1400 (E.D. Va. 1974))). This responsibility is even greater in a case such as this where the pro se defendant "who cannot afford a lawyer [has been] called into court against his will." *Ilalio*, 5 A.S.R.2d at 116.

The motion to stay execution of judgment is based on two grounds. First, Alamoana asserts that a discrepancy in the filing and signing dates on the trial court's denial of motion to stay execution of judgment renders it unenforceable. Second, Alamoana contends that this appeal will be successful and that irreparable harm will result if the stay is denied.

A. Date of Order

The trial court denied Alamoana's motion to stay execution of judgment in CA No. 12-99. The date above the judges' signatures reads March 18, 2000, whereas the filing date (accompanying the signature of the Clerk of Courts) reads March 17, 2000. Alamoana asserts that this discrepancy shows that the order was filed before it was signed and concludes that this alleged premature filing causes the order to be unenforceable.

 Alamoana's argument fails because the order was in fact not filed before it was signed. The discrepancy in the dates was instead the result of clerical error. The date of filing, March 17, 2000, was a Friday. The order was obviously not signed by the three judges on March 18, 2000, because this was a Saturday and the Court was not in session. The discrepancy occurred because the later date was written in inadvertant error. Moreover, the filing date controls. The typographical error is simply inconsequential, and the order is to be given the same effect as any other ruling by this Court.

## B. Merits of the Motion for Stay of Execution of Eviction

A court should not automatically or casually grant a stay of judgment pending appeal. The court's discretion to grant a stay should be exercised only if cause is shown. A.S.C.A. § 43.0803; *Asifoa v. Lualemana*, 17 A.S.R.2d 10, 12 (App. Div. 1990) [hereinafter *Asifoa I*]. The moving party bears the burden of showing cause as to why an injunction should be stayed. *Lutali v. Foster*, 24 A.S.R.2d 81, 83 (Trial Div. 1993). "The motion shall also show the reasons for the relief requested and the facts relied upon, and if the facts are subject to dispute the motion shall be supported by affidavits or other sworn statements or copies thereof." A.C.R. 8.

Similar to a petition for a preliminary injunction, the decision to grant or deny a motion for a stay of an injunction pending appeal depends partly on the 'balance of equities' and partly on the likelihood of appeal's success. *Asifoa I*, 17 A.S.R.2d at 13. Grant of a stay is not a matter of right, even if the appellant might otherwise suffer irreparable injury, but is rather subject to judicial discretion and is dependent on all the circumstances of the case. *Scripps-Howard Radio, Inc. v. FCC*, 316 U.S. 4, 10-11 (1942).

### 1. *Balance of the Equities*

In balancing the equities of a stay of injunction pending appeal, we must consider three factors: (1) whether the appellant would suffer irreparable harm if the stay is refused, (2) whether the appellee would suffer irreparable harm if the stay is granted, and (3) how a stay would affect the public interest. *Asifoa v. Lualemana*, 17 A.S.R.2d 100, 102 (App. Div. 1990) [hereinafter *Asifoa II*].

Alamoana directs us to exhibits H and I, attached to the motion for stay, for proof of "hardships and unfair treatment." These exhibits, however, do not describe any irreparable harm that Alamoana would suffer were the stay not granted. Rather, they are pleas for assistance from the President and Attorney General of the U.S. to cure alleged "blatant violations of . . . human rights" attributed to the American Samoa Government in pursuing this action. Alamoana similarly fails to assert any irreparable harm that he will suffer as a result of the eviction anywhere in the motion and supporting documents.

We can, however, see how irreparable harm would result if the stay is not granted. Subsequent to eviction, ASG will be able to lease the disputed property to another. Were the appeal to succeed, Alamoana's inability to occupy the premises under the former leasehold could constitute irreparable harm. This scenario also puts into play another factor to consider when balancing the equities. The general principle

6

underlying stays of injunctive relief is that the status quo should be preserved pending appeal. *Asifoa II*, 17 A.S.R.2d at 103. The status quo has Alamoana currently occupying the disputed property. By enforcing the eviction, the status quo will not be maintained, and were ASG to re-let the premises, the status quo would be difficult to resurrect with another tenant on the property.

We are unable to perceive how ASG would suffer irreparable harm if the stay were granted. ASG has not alleged that Alamoana is committing waste on the property. Rather, ASG's injury consists of rental payments owed. ASG's injury in being unable to evict Alamoana can thus be easily compensated if it prevails upon appeal by assessing rent for the time Alamoana occupied the property pending appeal.

The public interest, on the other hand, argues that the stay should be denied. The property Alamoana occupies is managed by ASG on behalf of the territory's residents. Alamoana has damaged these residents' interest in the property in two ways. First, Alamoana has denied them the benefits of the revenue that should have been forthcoming from the property in the form of lease payments. Second, Alamoana has failed to develop the property as agreed upon, thus failing to contribute to the economy of the territory as envisioned in the creation of the Industrial Park. Every day Alamoana remains in possession of the property is another day in which the public is injured.

In sum, then, the equities appear to balance. On the one hand, Alamoana could suffer irreparable injury if the stay is denied. On the other, the public interest is best served by denial. In order to resolve the motion to stay, we must look to the likelihood of Alamoana's success upon appeal.

## 2. *Likelihood of Success upon Appeal*

■ In assessing the likelihood of success on appeal, a court may stay an injunction when it has doubts about the substantive correctness of its decision, such as when new and difficult questions of law are involved. *Asifoa I*, 17 A.S.R.2d 10. This standard has clearly not been met in the present case. Alamoana has provided absolutely no issue of law or fact in his motion for stay that could serve as a basis for his appeal. It thus appears that his likelihood of success upon appeal is nonexistent.

First, Alamoana fails to fulfill the requirements of A.C.R. 8 in that he utterly fails to "show the reasons for the relief requested and the facts relied upon . . . ." We are unable to discern any particular issues of fact or law upon which Alamoana plans to base his appeal.

■ Second, Alamoana's reliance on T.C.R.C.P. 56(f) is completely misplaced. This rule states that a court may order a continuance of a

7

summary judgment motion when the opposing party is unable to present facts by affidavit sufficient to contest the motion. Unfortunately for Alamoana, the trial court granted summary judgment to ASG in CA No. 12-99. Had Alamoana been unable to secure sufficient facts by affidavit at the time of that hearing, he should have requested a continuance under T.C.R.C.P. 56(f) at that time. Summary judgment having been granted, the opportunity to do so has passed, and this argument provides no basis for an appeal.

In conclusion, we compare this case to the situation in *Asifoa II*, 17 A.S.R.2d at 100. A major factor in the *Asifoa* Court's decision to grant a stay was the fact that the issue on appeal was not frivolous, trivial, or presented merely for delay. Here, on the contrary, we can discern absolutely no issue on appeal. On this basis, the motion for stay must be denied.

## C. Alamoana's Access to Legal Documents

Alamoana asserts inability to access files located in an office on the disputed parcel of land due to interference by ASG, and that these circumstances have deprived Alamoana of the ability to put forward the best case for a motion to stay. We will accordingly deny the present motion to stay without prejudice in order to afford Alamoana opportunity to file a new motion if persuasive facts and law are found in the materials that Alamoana was previously unable to access.

## D. Alamoana S. Mulitauaopele's Representation of Alamoana & Yu Tong Co.

As a final matter, we note with concern that Alamoana S. Mulitauaopele is not an attorney but is representing Alamoana & Yu-Tong Co. According to the complaint, Alamoana & Yu-Tong Co. is a partnership consisting of Alamoana individually and a foreign business entity by the name of Yu-Tong Hsu. Alamoana seems to assert in the answer that Alamoana & Yu-Tong Co. is instead a sole proprietorship, but reliance on the lease of the property at issue to prove this point is not convincing. We point out to Alamoana as an individual and non-lawyer that it is a misdemeanor for an unlicensed or unauthorized person to represent another person or business entity in court. A.S.C.A. § 31.0104; *Pene v. Am. Samoa Gov't*, 12 A.S.R.2d 43, 47 (App. Div. 1989). If Alamoana & Yu-Tong Co. is anything but a sole proprietorship, Alamoana as an individual risks imprisonment if he continues to represent that entity.

## Order

For the foregoing reasons, Alamoana's motion to stay judgment pending

appeal is denied without prejudice.

It is so ordered.